UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Leo O'Brien Federal Building
11A Clinton Ave., Room 620
Albany, New York 12207
(518) 434-4553

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

In re:                                                    Case No. 24-10274-1-rel
                                                          Chapter 11

GLENS FALLS RE HOLDINGS, INC.

                               Debtor.

### UNITED STATES TRUSTEE'S MOTION TO DISMISS

TO:   HON. ROBERT E. LITTLEFIELD, JR.,
      UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, respectfully moves this Court for an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1) and (4) ("Motion") for "cause" including the Debtor's failure to file monthly operating reports and to provide proof of adequate insurance coverage. In support of this motion, the United States Trustee respectfully represents and alleges as follows:

### Statement of Facts

1.     Glens Falls RE Holdings, Inc. ("Debtor") commenced this proceeding by filing a voluntary petition under chapter 11 on March 11, 2024. (Doc. No. 1).

2.     Debtor's amended petition (Doc. No. 7) indicates that this is a Single Asset Real Estate case as defined in 11 U.S.C. § 101(51B).

3.     The Debtor has failed to file monthly operating reports for the months of January 2025 through April 2025.

1

4. The proof of insurance coverage provided to the United States Trustee has now lapsed. The United States Trustee has requested updated proof of insurance but has not received any to date.

### Statutory Standards

11 U.S.C. § 1112(b)(2) provides that the Court may dismiss a chapter 11 case upon a showing of cause. 11 U.S.C. § 1112(b)(4) contains a non-exhaustive list of examples of cause to dismiss including: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement of the estate; failure to maintain appropriate insurance that poses a risk to the estate or to the public; failure to comply with an order of the court; unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; failure timely to provide information or attend meetings reasonably requested by the United States trustee. *In re Pal Family Credit Co., Inc. v. County of Albany*, 451 B.R. 1 (NDNY, Feb. 25, 2010) (citing *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1311 (2d Cir.1997); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 985 (Bankr. N.D.N.Y., Oct. 14, 1988).

Any one of these failures could be enough to warrant dismissal. See generally, *In re Babayoff*, 445 B.R. 64 (Bankr. E.D.N.Y., Feb. 16, 2011). In the aggregate, these failures may demonstrate gross mismanagement of the Debtor's operations. *In re V. Savino Oil & Heating Co., Inc.,* 99 B.R. 518, 527 (Bankr. E.D.N.Y., Apr. 28, 1989).

The burden of demonstrating cause rests with the moving party. That burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other "cause." *In re FRGR Managing Member LLC,* 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009); *In re State St. Assocs., L.P.,* 348 B.R. 627, 639 n. 24 (Bankr.

N.D.N.Y. 2006) (while the list of examples of cause has changed in the 2005 amendment, the fact that they are illustrative, not exhaustive, has not).

## Argument

**1. Failure to File Operating Reports**

The Debtor has failed to file monthly operating reports from July through October. Without monthly operating reports and attached bank statements, the United States Trustee is unable to monitor the Debtor's post-petition financial activities and therefore perform his statutorily assigned duties. In addition, United States Trustee quarterly fees cannot be calculated without the information contained in the reports. Consequently, cause exists to dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(F).

**2. Failure to Maintain Appropriate Insurance**

The Debtor has failed to provide updated proof of insurance coverage after the last policy period expired. The Debtor's failure to provide proof of current insurance coverage is cause for dismissal pursuant to 11 U.S.C. § 1112(b)(4)(C).

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court dismiss the above captioned case for "cause", and for such other and further relief as the Court deems just and proper.

Dated: June 10, 2025
Albany, New York

4

                                                Respectfully submitted,
WILLIAM K. HARRINGTON
UNITED STATES TRSUTEE, REGION 2

*/s/ Harrison E. Strauss*
Harrison E. Strauss - Trial Attorney
OFFICE OF UNITED STATES TRUSTEE
Leo O'Brien Federal Building
11A Clinton Ave., Room 620
Albany, New York 12207
NDNY Bar Roll No. 705825
(518) 434-4553
Harrison.Strauss@usdoj.gov